**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Tina R.[1], | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:25-cv-00339 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) Magistrate Judge Kimberly A. Jolson |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**ORDER**

This matter is before the Court on the Magistrate Judge's February 6, 2026 Report and Recommendation ("R&R").  (Doc. 14).[2]  The Magistrate Judge recommends that the (March 25, 2025) decision of the Commissioner denying Plaintiff's application for disability insurance benefits be affirmed.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

---

[1] *See* S.D. Ohio General Order 22-01 ("In re: Privacy Concerns Regarding Social Security Opinions").

[2] As usual, the parties were given proper notice (Doc. 14 PAGEID 875) under Fed. R. Civ. P. 72(b), including notice that they may forfeit rights on appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).

instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1).  Plaintiff timely filed objections to the

Magistrate Judge's R&R (Doc. 15) and the Commissioner filed a response. (Doc. 16).

## I.    SUMMARY OF R&R

As recounted by the Magistrate Judge:

> The ALJ [    ] determined that Plaintiff has the following severe impairments: lumbar degenerative disc disease, chronic obstructive pulmonary disease (COPD), schizophrenia, bipolar disorder, depression, post–traumatic stress disorder (PTSD), and anxiety. (R. at 82). The ALJ, however, found that none of Plaintiff's impairments, either singly or in combination, meets or medically equals a listed impairment. (*Id.*).

> The ALJ assessed Plaintiff's residual functional capacity ("RFC") as follows:

>> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can stand and/or walk for about 4 hours and sit for about 6 hours in an 8–hour workday. She can never climb ladders, ropes, and scaffolds or crawl, and can occasionally climb ramps and stairs, stoop, kneel, and crouch. [Plaintiff] can tolerate occasional concentrated exposure to extreme heat, extreme cold, humidity, wetness, dusts, odors, fumes and pulmonary irritants, and should avoid unprotected heights. She can perform simple, routine, and repetitive tasks performed in a work environment free of fast–paced production requirements and involving only simple, work–related decisions with few, if any, workplace changes. [Plaintiff] is further limited to only occasional interaction with the public and coworkers with no tandem tasks.

> (R. at 83–84).

> The ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record. (R. at 85).

> The ALJ determined that Plaintiff is unable to perform her past relevant work as an informal waitress, store laborer, housekeeping cleaner, cashier II, line assembler utility worker, or general inspector.

2

(R. at 88). Relying on the vocational expert's ("VE") testimony, the ALJ found that, considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform at the light exertional level, such as a merchandise, routing clerk, or inspector/hand packager. (R. at 89). Consequently, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 1, 2020, through the date of this decision (20 CFR 404.1520(g))." (*Id.*).

(Doc. 14 PAGEID 859–60).

On appeal to this Court, Plaintiff argues that the ALJ[3] committed error when he: (1) failed to evaluate (consultative examiner) Dr. Philip Swedberg's opinion for "supportability;" (2) failed to evaluate (consultative psychologist) Dr. James Rosenthal's opinion for "consistency;" and (3) interpreted a "critical body" of objective medical evidence in functional terms.  The Magistrate Judge has rejected these arguments. Because the ALJ's decision denying benefits is supported by substantial evidence, she recommends that it be affirmed.

## II.     ANALYSIS OF PLAINTIFF'S OBJECTIONS TO THE R&R

**Standard of review.**  This Court's review of the ALJ's decision "is limited to whether the ALJ applied the correct legal standards[4] and whether the findings of the ALJ

---

[3] Because the Appeals Council denied Plaintiff's request for review, the ALJ's decision stands as the Commissioner's final determination.  (*See* Doc. 7-2 PAGEID 22–28 (Tr. 1–7)).

[4] Regulations promulgated by the Commissioner of Social Security establish a five-step sequential evaluation process for disability determinations.  20 C.F.R. § 404.1520(a).  If a claimant is found to be conclusively disabled (or not disabled) at any step, the inquiry ends there.  *Id.*  The five steps are:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his physical or mental ability to do basic work activities—the claimant is not disabled.

are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405–06 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Id.* at 406 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). "'The substantial-evidence standard . . . presupposes that there is a **zone of choice** within which the decisionmakers can go either way, without interference by the courts.'" *Id.* (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)[5]) (bold emphasis added). If substantial evidence supports the ALJ's decision, then the Court "defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Key*, 109 F.3d at 273).

**Plaintiff's first objection.** As the Magistrate Judge explains, "[a] claimant's RFC 'is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from [her] impairments.' *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must

---

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him from doing his past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing, *inter alia*, 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)). The claimant bears the burden of proof through step four, but the burden shifts to the Commissioner at step five. *Id.* (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

[5] *See Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984).

4

be based on all the relevant evidence in the case file.  *Id.*; *see also* 20 C.F.R. §§ 416.913(a), 416.920c (2017). The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings.  20 C.F.R. § 416.913(a)(1)–(5)."  (Doc. 14 PAGEID 861 (footnote omitted)).  When considering medical opinions or prior administrative medical findings, "an ALJ must use the following factors when considering medical opinions or administrative findings: (1) '[s]upportability'; (2) '[c]onsistency'; (3) '[r]elationship with the [Plaintiff]'; (4) '[s]pecialization'; and (5) other factors, such as 'evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements.'  20 C.F.R. § 416.920c(c)(1)–(5)."  (Doc. 14 PAGEID 861).  "Supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered. 20 C.F.R. § 416.920c(b)(2)."  (Doc. 14 PAGEID 862).[6]

As the Magistrate Judge recounts, Dr. Swedberg opined that Plaintiff "was capable of [a] 'mild to moderate' amount of sitting, ambulating, standing, bending, kneeling, pushing and pulling, lifting, and carrying heavy objects."  (Doc. 14 PAGEID 862 (record citations omitted)).  The ALJ found this designation of "mild to moderate" to be "vague."

---

[6] "The role of the Court is not to reweigh the evidence, but to make sure the ALJ employed the proper legal standard by considering the factors and supported the conclusion with substantial evidence. [*Holston v. Saul*, No. 1:20-CV-1001, 2021 WL 1877173, at *14 (N.D. Ohio Apr. 20, 2021)]."  (Doc. 14 PAGEID 862).

(<u>Doc. 14 PAGEID 862</u> (record citations omitted)).[7]  Central to the Magistrate Judge's analysis,

> Immediately after finding the conclusion vague, the ALJ noted that he nevertheless placed Plaintiff's RFC "between sedentary and light." (R. at 87). From this, the Undersigned gathers that the ALJ found Dr. Swedberg's conclusion vague because Swedberg did not say how much a "mild to moderate" amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling, lifting, and carrying heavy objects is. So, the ALJ placed his RFC determination somewhere between sedentary and light to best translate the conclusion into functional terms. Indeed, the ALJ prescribed Plaintiff to light work, but said she can stand and walk for four hours, and can sit for six hours in an eight-hour workday. (R. at 83–84). He also said that she could never climb ladders, ropes, and scaffolds, or crawl. (Id.). In referencing the RFC finding, the Undersigned can adequately trace the ALJ's reasoning for why he found this designation was vague.

(<u>Doc. 14 PAGEID 863–64</u>).

Plaintiff objects, observing that the R&R "appears to be conflating a medical source's <u>conclusions</u> with the supportability factor." (Doc. 15 PAGEID 877 (underline emphasis in original)). "[W]hether a medical source's <u>conclusion</u> is vague—as ALJ Kenyon[8] found here with Dr. Swedberg's opinion—is not the same as an inquiry into whether that conclusion is supported by explanation." (Doc. 15 PAGEID 877 (underline emphasis in original)). "[T]he 'supportability' factor 'concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence.'" (Doc. 15 PAGEID 877 (quoting *Reusel v. Comm'r of Soc. Sec.*, No. 5:20-CV-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021))).

---

[7] "Finding a conclusion vague goes to the supportability factor. *Cari A. H-R. v. O'Malley*, No. 3:23-CV-00678-RSE, 2025 WL 644279, at *7 (W.D. Ky. Feb. 27, 2025)." (<u>Doc. 14 PAGEID 863</u>).

[8] The Court notes that the surname of the ALJ (who found that Plaintiff was not disabled) is *Adkins*, not Kenyon. (*See* Doc. 7-2 PAGEID 100, 112).

Concerning Dr. Swedberg, the ALJ's Hearing Decision reads as follows:

> The undersigned find[s] the consultative exam by Philip Swedberg, M.D., **somewhat persuasive**.  Dr. Swedberg assessed that the claimant was capable of performing a **mild to moderate** amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling, and lifting and carrying heavy objects with no other limits. This opinion notes the claimant would have these activities restricted which is *consistent* **with treatment notes** (Exhibit B11F[9]; B13F[10]) showing the claimant with lumbar degenerative disc disease and COPD, but it is **vague**. The undersigned did place the residual functional capacity between sedentary and light (Exhibit B5F[11]).

(Doc. 7-2 PAGEID 109 (bold & italics emphasis added)).  This recitation satisfies the Court that the ALJ made a "supportability" finding as to Dr. Swedberg's opinion, because the ALJ references Exhibits B11F, B13F and B5F, all of which fall into the "objective-medical- evidence" bucket.  *See Cari A. H-R. v. O'Malley*, No. 3:23-CV-00678-RSE, 2025 WL 644279, at *6 (W.D. Ky. Feb. 27, 2025) ("'[S]upportability' relates to the objective medical evidence and supporting explanation provided by a medical source to bolster their *own* opinion[.]" (citing 20 C.F.R. § 416.920c(c)(1)) (italics emphasis in original).[12]  It obviously would have been preferable for the ALJ to have written "*supported* with treatment notes" rather than "*consistent* with treatment notes."  That said, the law does not require ALJs to "use perfect diction[.]"  *Reusel*, 2021 WL 1697919, at *7 n.6.  What matters is whether they "provide enough context for the court to trace their reasoning."  *Id.* (citing *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011)).  And, as

---

[9] (Doc. 7-2)

[10] (Doc. 7-14)

[11] (Doc. 7-7)

[12] "[B]y contrast, 'consistency' relates to the relationship of a medical source's opinion to *other* medical opinions and evidence of record."  *Id.* (citing 20 C.F.R. § 416.920c(c)(2)) (italics emphasis in original)

the Magistrate Judge observed, (*see* Doc. 14 PAGEID 864), this ALJ did.  Accordingly, Plaintiff's first objection is overruled.

**Plaintiff's second objection.**  As the Magistrate Judge explains, Plaintiff's third (and final) assignment of error "contemplates this line between when an ALJ must seek additional medical opinions to interpret medical evidence and when an ALJ may craft an RFC based on the same."  (Doc. 14 PAGEID 867).  "As applied, Plaintiff argues that the ALJ shirked his obligation to develop the record when it contained a 'critical body of objective medical evidence' that was unaccounted for in a medical opinion.  Rather, the ALJ impermissibly formulated Plaintiff's RFC based on his own interpretation of the medical evidence that post-dated any medical opinion."  (Doc. 14 PAGEID 867 (citing *Plaintiff's Statement of Errors*, Doc. 8 PAGEID 823–26)).

In particular, according to the Magistrate Judge, "Plaintiff takes issue with the ALJ's finding that she was capable of light work with more restricted exertional limitations based on both the state agency reviewers' opinions and Dr. Rekhtman's 2023 MRI reading. According to Plaintiff, the MRI reading—and the two other 2023 records related to her back—constitute a 'critical body of objective medical evidence' upon which the ALJ cannot base functional findings without an updated medical opinion.  This language comes from caselaw, specifically *Deskin* and *Kizys*, which suggests an ALJ cannot make residual functional capacity findings based on [  ] 'no medical source opinion or an outdated source opinion that does not include consideration of a critical body of objective medical evidence' unless the records show 'relatively little physical impairment' such that the ALJ can 'render a commonsense judgment about functional capacity.'  *Kizys v. Comm'r of Soc. Sec.*, No. 3:10-CV-25, 2011 WL 5024866[, at *2] (N.D. Ohio Oct. 21,

8

2011) (citing *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 911 (N.D. Ohio 2008)). In such cases, says the Northern District of Ohio, the ALJ should garner an updated medical opinion." (Doc. 14 PAGEID 870 (citing *Plaintiff's Statement of Errors*, Doc. 8 PAGEID 823)).

Noting that "[t]his Court and others[13] have strongly criticized the implications of *Deskin* and its progeny as going beyond what is required of the ALJ under the Social Security regulations and Sixth Circuit precedent,"[14] the Magistrate Judge concludes "that the ALJ was not obligated to obtain an updated medical opinion to craft Plaintiff's RFC." (Doc. 14 PAGEID 870–71 (citations omitted)).  The ALJ "acknowledged that the state agency reviewers did not have the benefit of the 2023 MRI results," and "[b]ecause of the differences, he imposed more restrictive functional limitations.  Taking the state agency reviewers' functional limitation opinion and tailoring it based on the other evidence in the record is well within the ALJ's purview."  (Doc. 14 PAGEID 871–72 (record & caselaw citations omitted)).

Plaintiff complains, as before, that Drs. Anderson and Rekhtman "did not interpret the data in functional terms."  (Doc. 15 PAGEID 878 (underline emphasis in original)).

---

[13] The others also include jurists from the Northern District of Ohio.  *See, e.g., Carr v. Comm'r of Soc. Sec.*, No. 5:23-cv-00187, 2024 WL 1343473, at *5 (N.D. Ohio Mar. 30, 2024) (collecting cases).

[14] Per the Magistrate Judge, "[e]ven if the Undersigned were to ignore the above and apply *Deskin* and *Kizys* as Plaintiff wants, the result would be the same.  This is not a situation where the ALJ created functional limitations based on absolutely no medical source opinion.  As explained, the ALJ tailored the functional limitations opined by the state agency reviewers based on a holistic read of the record. *See Ashley B.*[ *v. Comm'r of Soc. Sec.*, No. 1:23-CV-690], 2025 WL 957561, at *3–4 [(S.D. Ohio Mar. 31, 2025)].  And further, Plaintiff makes no argument why the records she cites constitute 'a critical body of objective medical evidence that was unaccounted for by a medical opinion, coupled with significant proof of potentially disabling conditions.'  *See Chelsea R. M. v. Comm'r of Soc. Sec.*, No. 2:24-CV-499, 2025 WL 758158, at *4 (S.D. Ohio Mar. 11, 2025).  She simply describes the records, leaving the Undersigned to guess at why three records fit into this jurisprudence."  (Doc. 14 PAGEID 874).

This (repeated) observation misses the point.  All that counts, as the Magistrate Judge points out, is whether the ALJ's RFC findings "are both supported by substantial evidence and a byproduct of a conscientious probing of all relevant facts."  (Doc. 14 PAGEID 872). And they are.  (Doc. 14 PAGEID 874–75).

Plaintiff's objection repackages his previous argument and, at bottom, simply states a disagreement with the Magistrate Judge's suggested resolution.  As such, it is not a proper objection.  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 748 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution[ ] . . . is not an 'objection' as that term is used in this context.").[15]

## III.    CONCLUSION

Based on the foregoing, the Court **OVERRULES** Plaintiff's objections (Doc. 15) and **ACCEPTS** and **ADOPTS** the Magistrate Judge's February 6, 2026 R&R (Doc. 14). Therefore, the (March 25, 2025) decision of the Commissioner denying Plaintiff's application for disability insurance benefits is **AFFIRMED**.

This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[15] *See Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349, at *6 (S.D. Ohio Mar. 11, 2015) (plaintiff's objection "is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge" and therefore need not be reconsidered) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)).  Here, *compare* (*Plaintiff's Statement of Errors*, Doc. 8 PAGEID 823, 825 & *Plaintiff's Reply to Defendant's Memorandum in Opposition*, Doc. 13 PAGEID 851–52) *with* (*Plaintiff's Objections to the Magistrate Judge's Report & Recommendation*, Doc. 15 PAGEID 878–79).